IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CASEY SHELTON,

Petitioner,

v.

WARDEN MICHAEL MEISNER,

Respondent.

ORDER

24-cv-617-wmc

---

Casey Shelton, who is representing himself while in state prison, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court conviction in Green County Court Case No. 2007CF68 for first degree reckless homicide in connection with the death of his two-month-old son, which resulted in a prison sentence of 40 years followed by 10 years of extended supervision. Shelton's petition and supporting brief raise the following grounds for relief: (1) ineffective assistance of trial and appellate counsel; (2) newly discovered evidence that undermines testimony presented at trial; (3) newly discovered scientific evidence of Shelton's actual innocence; (4) admission of flawed expert testimony by the prosecution; (5) withheld evidence by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (6) cumulative errors amounting to a fundamental miscarriage of justice. (Dkts. ##1-2.) Acknowledging that his petition presents a mix of exhausted and unexhausted claims, Shelton has filed a motion to stay and abate this proceeding so that he can return to state court. (Dkt. #15.)

The court will grant Shelton's motion. A stay and abeyance is available where a petitioner has filed a "mixed" petition containing exhausted and unexhausted claims. *Blank v. Dittman*, 674 F. Supp. 2d 1100, 1100-01 (E.D. Wis. 2009). A federal habeas corpus court may

grant such a stay where the petitioner can demonstrate: (1) that he had good cause for his failure to exhaust; (2) his unexhausted claims are not plainly meritless; and (3) he has not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). There is no reason to believe Shelton has intentionally delayed this case, as his pleadings and available public records reflect numerous prior attempts to seek relief in state court. Shelton argues persuasively that he has newly discovered evidence to support one or more of his claims, which were not raised or properly supported previously due to ineffective assistance of counsel and the withholding of evidence by the prosecution. Dismissal of the petition would likely leave Shelton without a chance at federal review by virtue of the running of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a petitioner has one year from the date "the judgment became final" to seek federal habeas relief); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (the pendency of a federal habeas petition does not toll the limitations period).

As to the potential merits of Shelton's claims, he presents a supplement that includes a report Keith A. Findley, Professor Emeritus of the University of Wisconsin Law School, outlining significant developments in both science and the law since Shelton's trial in 2009, which featured evidence attributing the death of Shelton's child to "shaken baby syndrome." (Dkt. #18-1, at 2-24.) Shelton also presents a letter from an attorney who, based on Professor Findley's report, has enlisted a forensic pediatric pathologist and a biomechanical engineer to re-evaluate the medical evidence in Shelton's case in anticipation of returning to state court to present new claims in light of "significant changes in the field" since the trial. (Dkt. #18-1, at 1.) Public records from Shelton's underlying state court case confirm that counsel has been appointed for him for purposes of an additional post-conviction proceeding. Under these

circumstances, a stay is appropriate until Shelton completes state court review of his proposed claims.

ORDER

IT IS ORDERED that:

1. Petitioner Casey Shelton's motion for a stay and abeyance (dkt. #15) is GRANTED.

2. The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following condition: after completely exhausting his state court remedies, petitioner has 90 days from the date of the last order from the state courts in which to either file a motion in this court to lift the stay or request an extension of time for doing so. If petitioner fails to meet this condition, then the stay may be vacated as of the date of this order and the petition may be dismissed.

3. The clerk of court is directed to close this case, subject to reopening by petitioner upon the filing of his motion to lift the stay.

4. Petitioner's motion for appointment of counsel (dkt. #12) is DENIED as moot.

Entered the 22nd day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge